UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA       : | |
| : | |
| : | |
| v.       : | No. 21-CR-157 (TNM) |
| : | |
| : | |
| CHRISTIAN SECOR,       : | |
|     Defendant.       : | |

## EMERGENCY MOTION FOR REVIEW AND REVOCATION OF A DETENTION ORDER

Christian Secor, by and through counsel, respectfully requests that this Court hear an expedited appeal to review and overturn Central District of California's Magistrate Judge Early's decision to grant the government's motion for pretrial detention pursuant to 18 U.S.C.§ 3142 (e),(f).

In support of this motion, counsel states the following.

## PROCEDURAL HISTORY

On February 13, 2021, Christian Secor was charged by complaint with 18 U.S.C. §111 (a)(l) § 2 (Assaulting, Resisting, or Impeding Certain Officers and aiding and abetting), 18 U.S.C. §231(a)(3) §2 (Civil Disorder and Aiding and Abetting), 18 U.S.C. §1752 (a)(l) and (2) (Entering and Remaining in a Restricted Building or Grounds), and 40 U.S.C. § 5104 (e)(2) (Violent Entry or Disorderly Conduct).

On February 16, 2021, Christian Secor was arrested and presented in the Central District of California, before Magistrate Judge Early for an initial appearance. During the hearing, the government made an oral motion for temporary detention which was granted by the Court. At that time, a preliminary hearing was requested in the charging district. No preliminary hearing was scheduled, and on February 26, 2021, Mr. Secor was indicted. *See* ECF 7.

On March 2, 2021, a Motion for Reconsideration was filed in the Central District of California. On March 3, 2021, Mr. Secor's request was not heard, and the Court noted that the Motion for Reconsideration should be filed in the charging district. No other hearings have been scheduled. Christian Secor now asks this Court to reconsider Magistrate Judge Early's detention order, release him into third-party custody, and allow him to participate in the High-Intensity Supervision Program (HISP) with 24-hour home detention and GPS monitoring at his residence in California.

## FACTUAL BACKGROUND

Beginning in 2020, members of the United States government, most importantly the President of the United States of America—told the public that the only way President Donald Trump could lose the presidential election was if the election was rigged.[1] *See* Trial Memorandum of the United States House of Representatives in the Impeachment Trial of President Donald J. Trump at 6. After President Trump lost the election, he and other government officials said that the presidency had been stolen from him by widespread election fraud.[2] President Trump invited Americans to attend his January 6, 2021, "Stop the Steal" rally and declared "we fight, we fight like hell because if you don't fight like hell you're not going to

---

[1] The Trial Brief can be found at https://judiciary.house.gov/uploadedfiles/house_trial_brief_final.pdf.
[2] See id., Donald J. Trump (@realDonaldTrump), Twitter (Nov. 21, 2020 3:34 PM) (Watch: Hundreds of Activists Gather for 'Stop the Steal' Rally in Georgia https://t.co/vUG1bqG9yg via Breitbart News Big Rallies all over the Country. The proof pouring in is undeniable. Many more votes than needed. This was a LANDSLIDE!"); Donald J. Trump (@realDonaldTrump), Twitter (Nov. 24, 2020 10:45 PM) ("Poll: 79 Percent of Trump Voters Believe 'Election Was Stolen' https://t.co/PmMBmt05AI via @BreitbartNews They are 100% correct, but we are fighting hard. Our big lawsuit, which spells out in great detail all of the ballot fraud and more, will soon be filled. RIGGED ELECTION!"); Donald Trump Speech on Election Fraud Claims Transcript, December 2, Rev (Dec. 2, 2020) (But no matter when it happens, when they see fraud, when they see false votes and when those votes number far more than is necessary, you can't let another person steal that election from you. All over the country, people are together in holding up signs, "Stop the steal."); Donald J. Trump (@realDonaldTrump), Twitter (Dec. 19, 2020 9:41 AM) ([Joe Biden] didn't win the Election. He lost all 6 Swing States, by a lot. They then dumped hundreds of thousands of votes in each one, and got caught. Now Republican politicians have to fight so that their great victory is not stolen. Don't be weak fools!).

have a country anymore. You'll never take back our country with weakness "[y]ou have to show strength." *Id*. at 21.

On January 6, 2021, Christian Secor attended the "Stop the Steal" rally and at the urging of the President—walked 'down Pennsylvania Avenue' to the Capitol. Mr. Secor had no weapons and did not attempt to conceal his face or identity. Christian Secor is not alleged to have planned the events at the Capitol with other attendees before, during, or after the rally. Although Mr. Secor is seen in videos with a flag, no evidence, indeed no allegations, suggests that he used the flag in any way to assault, intimidate or impede anyone at any time. Additionally, the photo, in *Figure 12*, shows Mr. Secor toward the back of the crowd and there is no evidence that Mr. Secor assaulted any officers or that he broke through a police line. *See* Complaint at 13.

The government's references to "America First" are instances of protected First Amendment speech, and 'America First Bruins' and 'Bruin Republicans' were properly registered conservative groups on the University of California-Los Angeles's (UCLA) campus. *See* Complaint, *Figure 18*. An association with campus organizations properly registered through UCLA is not as the government describes "ties to extremist groups." *Id.* at 17. Although the government references 'online threats', they have produced no evidence of threats, nor has Mr. Secor been indicted on any such threats. The government has no evidence that Mr. Secor was violent on January 6, 2021, and as such he should be released.

Christian Secor is a 22-year old college student at UCLA and a lifelong resident of the Central District of California. This is Mr. Secor's first arrest, he has no history of violent behavior and has no criminal record. He was on track to graduate from college and is slated to take final exams *this* week. Mr. Secor could complete his coursework and take his exams should the Court release him into the High-Intensity Supervision Program. Furthermore, Mr. Secor is

not a risk of flight, and his parents have offered to post a $300,000 secured bond to ensure his return to Court. There are several conditions of release that would assure the safety of the community and Mr. Secor's return to Court.

## ARGUMENT

### A. Review of the Magistrate Judge's Order

This Court has the authority to review the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). The Court should review the Court's February 16, 2021, findings *de novo*. *United States v. Taylor*, 289 F. Supp. 3d 55, 63 (D.D.C. 2018) (citing *United States v. Hunt*, 240 F. Supp. 3d 128, 132 (D.D.C. 2017)). The lower court's factual findings are reviewed for clear error. *United States v. Smith*, 79 F.3d 1208 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987). In other words, this Court must determine whether Magistrate Judge Early clearly erred when he found that the government established by clear and convincing evidence that no combination of conditions of release would protect the safety of the community and found that the government established by a preponderance of the evidence that no combination of conditions of release could assure Christian Secor's return to court. *Id*. at 96. Through this filing, Mr. Secor has set forth information new information that was not presented by prior counsel at Mr. Secor's initial appearance. A such, he requests an expedited hearing to address any additional concerns from this Court.[3]

### B. The Applicable Legal Standard

The Bail Reform Act of 1984, outlines the "carefully limited exception[s]" to the long-recognized principles by the Supreme Court that "[i]n our society, liberty [and not pre-trial detention] is the norm." *United States v. Salerno*, 481 U.S. 739, 755 (1987). As a general rule,

---

[3] Mr. Secor's college future hangs in the balance by his continued detention, thus the request for an expedited hearing.

courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405.

The Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required for . . . the safety of any other person or the community." 18 U.S.C. §§ 3142(b), 3142(f)(2)(B). In other words, "the default position of the law . . . is that a defendant should be released pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C.2018) (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)). If the case involves a felony that is *not* a crime of violence the Bail Reform Act requires the Court to hold a hearing to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance in court and the safety of persons and the community, 18 U.S.C. § 3142(f)(1)(E); 18 U.S.C. § 3142(f)(2)(A). When imposing a condition, or combination of conditions, the court must select the "least restrictive" conditions. 18 U.S.C. § 3142(c)(1)(B). Defendants who are charged with certain specified offenses are subject to a rebuttable presumption that no condition, or combination of conditions, can assure the defendant's appearance or ensure the safety of the community, *see* 18 U.S.C. § 3142(e). However, that presumption is *not* present here. In this case, Christian Secor must be released pending trial unless the government can prove by clear and convincing evidence that pretrial detention is the *only* means by which the community's safety can be assured, 18 U.S.C. §3142(f)(2)(B); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996), or can prove by a preponderance of the evidence that no conditions of release can assure

the defendant's appearance at future court hearings. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988); *United States v. Hassanshahi*, 989 F. Supp. 2d 110 (D.D.C. 2013).

In determining whether the government has met this high burden, the Court must consider four factors: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence; (3) the defendant's character, including his physical and mental condition, family and community ties, past conduct, drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger posed to any person by release. 18 U.S.C. § 3142(g)(1)–(4). Christian Secor's age, enrollment in college, strong ties to the community, lack of criminal history, and the unique circumstances of this offense all weigh in favor of release.

i. **Nature and Circumstances of the Offense Charged**

It is undisputed that the allegations were disruptive on January 6, 2021, however, there is no evidence of assault or violence by Mr. Secor. He is seen walking the halls with an America First flag and sitting in a chair on the floor of Congress. There are no injuries alleged to have been caused by Mr. Secor, although this is *not to minimize the conduct*. Furthermore, the nature and circumstances of this offense must be viewed through the lens of an event inspired by the President of the United States of America. On January 6, 2021, the President made "statements that encouraged—and foreseeably resulted in—imminent lawless action at the Capitol."[4] Christian Secor's behavior at the Capitol is indicative of an individual invited by the President to adopt behaviors based on an emotional rather than a rational basis.

ii. **The Weight of the Evidence Against the Defendant**

The evidence that Christian Secor was present is incontrovertible. Whether the government can succeed in proving the *mens rea* of each of the specific offenses charged, however, is

---

[4] https://degette.house.gov/sites/degette.house.gov/files/Impeachment%20Resolution.pdf

debatable. In any event, in determining whether conditions of release can ensure the safety of others, "[t]he weight of the evidence is the least important of the factors and the bail statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986)); accord *United States v. Jones*, 566 F. Supp. 2d 288, 292 (D.NY 2008).

### iii.    The History and Characteristics of the Defendant

"[A] defendant's past conduct is important evidence—perhaps the most important—in predicting his probable future conduct." *Pope v. United States*, 739 A.2d 819, 827 (D.C.App. 1999) (quoting *Cruz-Foster v. Foster*, 597 A.2d 927, 930 (D.C.1991)). Christian Secor has never been arrested, used drugs or alcohol, and has no history of violent behavior. He is a twenty-two-year-old political science major at UCLA, who was born and raised in California. He is studying to earn a Bachelor's degree in political science and is in his final year of studies. Mr. Secor has substantial ties to the community including his immediate family--his mother and siblings--all of whom reside in Costa Mesa, California. Finally, Mr. Secor is not alleged to have possessed the evidence recovered by the FBI during the search warrants executed at his mother's home.

### iv.    The Nature and Seriousness of the Danger that Would be Posed by the Defendant's Release

Electronic GPS monitoring, third-party custody, and 24-hour home confinement are sufficient to mitigate any risk to the community and to secure Christian Secor's appearance in court. His mother would be an appropriate third-party custodian. Ms. Secor understands that she would be required to ensure that Mr. Secor complies with all court orders, and she will assist in facilitating his appearances in court. Mr. Secor understands that if he fails to follow his conditions of release, that his mother would be required to report any infractions directly to the Court. There is no danger to the community or any other person if Christian Secor is released

into the HISP.

## CONCLUSION

Magistrate Judge Early's factual findings were clearly erroneous because the government failed to meet its burden of showing by clear and convincing evidence that no conditions or combination of conditions would adequately ensure the safety of the community. For the foregoing reasons, and such other reasons as may be presented at a hearing, the order of detention should be vacated and Christian Secor should be released.

Respectfully submitted,

/s/ *Brandi Harden*
_____
Brandi Harden
Bar No. 470706
Counsel for Christian Secor
Harden|Pinckney, PLLC
400 7th Street Suite 604
Washington, DC 20004
bharden@hardenpinckney.com
(202) 390-0374

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2021, I caused a copy of the foregoing motion to be served on counsel of record via ECF.

/s/ *Brandi Harden*

_____

Brandi Harden, Esq.