

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

June 14, 2021

Brandi Harden
Counsel for Defendant
hardenpinckney@gmail.com

      Re:    *United States v. Christian Secor*
               Case No. 21-cr-157 (TNM)

Dear Counsel:

      The government has made several productions to you via the USAfx platform for discovery in this case. Those productions are as follows:

PRODUCTION 1:

On March 17, 2021, the government uploaded the following to USAfx:

- One pdf of Discover statements (905.7 KB)
- One pdf regarding firearms purchases (9.6 KB)
- One pdf regarding search warrant returns (224.8 KB)
- One Go-Pro video (269.3 MB)

PRODUCTION 2:

On March 18, 2021, the government uploaded the following to USAfx:

- One pdf with records (207.4 KB)
- One pdf with pretrial services report (2.9 MB)
- One pdf of Chase statements (4.4 MB)
- 5 .jpg photographs

PRODUCTION 3:

On March 19, 2021, the government uploaded five videos of Senate Floor footage and seven videos of U.S. Capitol CCTV footage to USAfx.

PRODUCTION 4:

On May 10, 2021, the government uploaded to USAFx a zip file containing 17 pdfs, four photographs and one video containing redacted witness interviews and exhibits to those interviews.

PRODUCTION 5:

On June 1, 2021, the government uploaded to USAfx a zip file containing 24 additional U.S. Capitol CCTV videos to USAfx.

PRODUCTION 6:

On June 2, 2021, the government uploaded the grand jury transcript and ten exhibits used to indict this case, pursuant to the Court's order on disclosure of 6(e) materials. ECF No. 18.

PRODUCTION 7:

On June 5, 2021, the government uploaded:

- 12 pdfs of FBI investigative materials
- 3 jpg images
- 4 Excel spreadsheets
- 1 png data image
- 3 pdf files designated Highly Sensitive
- 33 files designated Sensitive
- 21 files with No Designation

On June 14, 2021, the government provided you with the list of devices seized in this case, as well as physical evidence collected, with the request that if you and your client would like to receive unscoped copies of the digital evidence, that you revert a hard drive to the FBI for copying of those devices. In this case, there are two cell phones, a computer tower, and a Go-Pro seized. Please refer to the letter and excel spreadsheet sent via email on June 14 for those disclosures.

All materials deemed "Sensitive" and "Highly Sensitive" should be treated in accordance with the Protective Order previously entered in this case. See ECF No. 13.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

KIMBERLY L. PASCHALL
Assistant United States Attorney

Enclosure(s)