UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | No. 21-cr-157 (TNM) |
| | : | |
| CHRISTIAN SECOR, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CONSENT MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS**

Mr. Christian Secor, through undersigned counsel, respectfully moves this Court for an order modifying his pretrial release conditions. Specifically, Mr. Secor requests to remain in the High Intensity Supervision Program on GPS with a curfew from 10 PM to 6 AM. In support of this motion, undersigned counsel states the following:

1. Mr. Secor is charged in this case with events related to January 6, 2020. Indictment, ECF No. 7. He was arrested on February 16, 2021. On March 24, 2021, he appeared for a bond review hearing, and was released to Pretrial Services' Home Incarceration program. Min. Entry (Mar. 24, 2021).

2. Mr. Secor has been completely compliant with all terms of home incarceration. He has secured employment near his home doing office work for Newport Getaways, a vacation home rental business. His hours are Monday through Friday 11:45am to 4:15pm, except Wednesday 8:45am to 4:00 pm.

3. Mr. Secor does not ask to be removed from GPS at this time. He only seeks a curfew from 10 PM to 6AM. These are the standard hours for the D.C. High Intensity Supervision Program. Mr. Secor makes this request so that he can work steady hours

while this case is pending.

4.  The government does not oppose Mr. Secor's request. Mr. Secor's D.C. PSA Officer,

    Shay Holman, defers to the government and has indicated that Mr. Secor is in full

    compliance with his conditions of release.

5.  As of the January 14, 2022, status hearing, Mr. Secor will have been on pretrial

    supervision for almost ten months. Under the Bail Reform Act, the Court must order

    pretrial release on personal recognizance or impose "the least restrictive . . . condition, or

    combination of conditions, that . . . will reasonably assure [Mr. Secor's] appearance . . .

    as required and the safety of any other person and the community." 18 U.S.C. § 3142(b),

    (c). Mr. Secor has demonstrated that home incarceration is not necessary to assure his

    appearance or the safety of the community.

WHEREFORE, for the foregoing reasons, Mr. Secor respectfully requests that the Court modify

his conditions of release.


                                        Respectfully submitted,

                                        /s/ Brandi Harden
                                        _____
                                        Brandi Harden
                                        Bar No. 470706
                                        Counsel for Christian Secor
                                        Harden|Pinckney, PLLC
                                        400 7th Street, N.W. Suite 604
                                        Washington, DC 20004
                                        bharden@hardenpinckney.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I caused a copy of the foregoing motion to be served on counsel of record via ECF.

/s/ Brandi Harden

_____

Brandi Harden, Esq.